**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

UNITED STATES OF AMERICA,            Criminal No. 05-328(23) JMR/AJB

        Plaintiff,

v.            **REPORT AND RECOMMENDATION**

GALO ERIC QUINTERO,

        Defendant.

    Steven L. Schleicher, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Matthew J. Mankey, Esq., for the defendant, Galo Eric Quintero.

        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on December 19, 2008, at the U.S. Courthouse, 316 No. Robert Street, St. Paul, MN 55101.  The court issued an Order on Motions dated December 19, 2008, reserving defendant Galo Eric Quintero's motion to suppress search and seizure evidence, motion to suppress statements, and motion for severance for submission to the district court on report and recommendation.

        Based upon the file and documents contained therein, including memorandums and arguments of counsel, along with testimony and exhibits received at hearing, the magistrate judge makes the following:

**Findings**

        **Search Warrant.**  On August 20, 2007, New York State Supreme Court Justice

1

William A. Wetzel issued a warrant to search a particularly described residential location, including an attached garage, in Richmond County, New York (Hearing Exh. No. 1). The location is further identified in the supporting affidavit (Hearing Exh. No. 2) as an apartment owned by the defendant's mother and used by the defendant to conduct drug transactions. The search warrant identified the objects of the warrant as specified records pertaining to drug possession and sales, including documents, addresses, and electronically stored phone numbers; communications devices; and evidence of premises control and occupancy. The warrant was issued on the basis of probable cause evidence contained in the Affidavit of United States DEA Special Agent John Francolla, including confidential informant and surveillance information.

**Statements.** On August 22, 2007, DEA Special Agent John Francolla traveled from New York City to Palm Bay, Florida, for the purpose of arresting defendant Galo Eric Quintero pursuant to a warrant issued upon return of a New York state grand jury indictment. That same day the defendant was arrested by drug task force officers in the driveway of a Florida location. Agent Francolla arrived at the scene a few minutes later and was advised of the current circumstances. Agent Francolla did not give defendant the <u>Miranda</u> advice of rights and did not intend to question the defendant or otherwise seek to obtain statements because the arrest was made pursuant to New York indictment, and Mr. Quintero was not represented by counsel at the scene of the arrest.[1] The defendant was thereafter detained and transported for arrest processing. Quintero appeared in a Florida court proceeding on August 23, 2007, at which time he waived any challenge to his extradition.

---

[1] Special Agent Francolla testified that under New York state law a person who has been indicted cannot waive his right to remain silent without an attorney being present at the time of waiver.

Agent Francolla and another law enforcement officer transported defendant Quintero to New York City by way of commercial airline on August 24, 2007. During the flight Special Agent Francolla asked the defendant some questions of a biographical nature, as well as to confirm his identity, but the agent expressly advised Quintero that he would not be interrogated on substantive matters relating to criminal offenses. Mr. Quintero was very conversational during the trip and was informally advised to be less talkative. Nonetheless, the defendant made statements during the flight, including comments regarding his involvement in an incident in which a mob member's house was shot up; statements relating to ownership of certain vehicles; discussion of certain home improvements; and rhetorical comments believed to be references to the supply of drugs in New York City. Quintero's statements were not the product of questions from agents and were not otherwise a result of any inducements by agents to obtain incriminating information from the defendant. The defendant and agents arrived in New York City in the late afternoon of August 24, 2007, and Mr. Quintero was arraigned on the state indictment on August 27, 2007.

Based upon the foregoing Findings, the magistrate judge makes the following:

**Conclusions**

**Search Warrant.** Evidence seized pursuant to a warrant to search the apartment residence, including an attached garage, in Richmond County, New York (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Galo Eric Quintero. The residence search warrant was issued on August 20, 2007, and was based upon sufficient probable cause as stated in the Affidavit of United States DEA Special Agent John Francolla (Hearing Exh. No. 2), as determined by New York State Supreme Court Justice

William A. Wetzel . The warrant properly and sufficiently identified the location of the search and the items to be seized. Furthermore, defendant has not put forth evidence to support a challenge to the warrant affidavit's probable cause evidence, including confidential informant evidence, pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

    **Statements.** Statements made by defendant Galo Eric Quintero to law enforcement agents during a flight from Florida to New York were not made in violation of the defendant's constitutional rights and suppression of such statements is not required. Defendant's statements were custodial and were made without the benefit of the Miranda advisory, but were spontaneous and were not the product of interrogation or inherently coercive procedures designed to elicit an incriminating response. See United States v. Barnes, 195 F.3d 1027, 1029 (8th Cir. 1999). To the extent that officers wanted to obtain biographical or "pedigree" information regarding Mr. Quintero, pertinent questioning was not unlawful. "It is well-settled that routine biographical data is exempted from *Miranda's* coverage." United States v. Brown, 101 F.3d 1272, 1274 (8th Cir. 1996)(citations omitted). With regard to the defendant's contention that Special Agent Francolla's testimony regarding "the more likely" source of information attributed to the defendant, the court finds and concludes that the agent's testimony regarding the substance of the defendant's comments did not at all defy reason, and perhaps more importantly, defendant's alternative hypothesis regarding the source of information is wholly speculative and unsupported by any evidence in the hearing record. Defendant's statements were not unlawfully obtained through threats or promises or in violation of

defendant's right to the assistance of counsel or right to remain silent.

**Severance.**[2]  Pretrial severance of this action for separate trials of co-defendants is not required.  Defendant Galo Eric Quintero has not made the requisite showing in this case that severance is necessary to avoid risk of compromising any specific trial right to which he is entitled or that severance is necessary to prevent the jury from making a reliable judgment as to his guilt or innocence.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b).  There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993).  The co-defendants in this matter have been indicted on a charge of conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine.  Under these circumstances, the general rule in the federal system is that the co-defendants should be tried together.  The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial.  Fed. R. Crim. P. 14.  A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938.

---

[2] Defendant has moved for severance of defendants and counts.  The fifth superseding indictment in this matter indicates that defendant Galo Quintero is charged in only a single conspiracy count, and plea agreements have been filed with respect to defendants named on separate money laundering counts.  Defendant offers no particularized argument with respect to prejudice, jury confusion, or other trial issue that might arise as a result of joint trial on counts.  Indeed, the motion appears to be moot with respect to severance of counts.

In his motion, defendant Quintero generally asserts improper joinder of defendants and counts, potential jury confusion as to the facts, and possible introduction of evidence in a joined trial that would otherwise be inadmissible in a separate trial. Defendant contends that all defendants would obtain a more fair and more impartial trial if counts are tried separately.

The present factual record in this case offers no obvious indication as to how this defendant is prejudiced by joinder with any other defendant in this case, particularly to the extent necessary to overcome the preference for joinder in cases of this nature. It is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant or count from evidence relating to the another defendant or count, and severance of defendants is therefore not required on that basis. Moreover, defendant Quintero offers no particularized argument and asserts no specific prejudice arising out of the possibility that any co-defendant will argue and seek to introduce otherwise inadmissible evidence implicating Quintero in charged offenses. The present factual record in this case offers no compelling indication as to how any particular defendant is prejudiced by joinder with the other defendants in this case to the extent necessary to overcome the preference for joinder in cases of this nature and likewise provides no particularized argument or facts to establish possible prejudice or confusion resulting from a joined trial. In any event it is certainly not an extraordinary occurrence that one defendant would be pointing the finger at another, and it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to other defendants. Joinder of counts and defendants in this case was not improper and severance is not required.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Galo Eric Quintero's Motion to Suppress any Evidence Obtained as a Result of any Illegal Searches be **denied** [Docket No. 491];

2. Defendant Galo Eric Quintero's Motion for Severance be **denied** [Docket No. 506]; and

3. Defendant Galo Eric Quintero's Motion to Suppress Statements, Admissions and Answers be **denied** [Docket No. 509].

Dated:     January 5, 2009

  s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before January 19, 2009.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.