## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

v.

(23) Galo Eric Quintero,

                Defendant.

**MEMORANDUM OF LAW & ORDER**
Criminal File No. 05-328 (MJD/AJB)
Civil File No. 11-961 (MJD)

Steve Schleicher, United States Attorney's Office, Counsel for Plaintiff.

Galo Eric Quintero, pro se.

## I.      INTRODUCTION

This matter is before the Court on Petitioner Galo Eric Quintero's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Docket No. 883] and Petitioner's Motion to Dismiss the Government's Response and/or Extension of Time [Docket No. 891].

## II.     BACKGROUND

Petitioner was indicted on October 20, 2008, and charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture

and substance containing a detectable amount of methamphetamine and 5

kilograms or more of a mixture and substance containing a detectable amount of

cocaine [Docket No. 465].  On December 12, 2008, the Government filed a

Sentencing Enhancement Information to establish Petitioner's prior conviction

under 21 U.S.C. § 851 [Docket No. 512].

On February 20, 2009, Petitioner was convicted by a jury of the indicted

charge [Docket No. 566].  The jury also returned a special verdict which found

that Petitioner was responsible for 5 kilograms or more of cocaine and 500 grams

or more of methamphetamine [Docket No. 567].  On June 5, 2009, Petitioner was

sentenced to 300 months imprisonment [Docket No. 700]

Petitioner filed a direct appeal arguing that the Court erred at trial by

admitting evidence of firearms possession and the account of his involvement in

a drive-by shooting.  Further, Petitioner argued that the Court erred at

sentencing by imposing a three-level enhancement for his role as a manager or

supervisor.  The Eighth Circuit rejected both arguments and affirmed the Court's

judgment.  United States v. Adamson, 608 F.3d 1049 (8th Cir. 2010).

On April 18, 2011, Petitioner filed a pro se Motion to Vacate under 28

U.S.C. § 2255 [Docket No. 883].  Subsequently, the Government filed a Motion for

Enlargement of Time to File Response to Petitioner's Motion to Vacate Sentence

Pursuant to 28 U.S.C. § 2255 [Docket No. 886]. The Court granted the

Government's motion and set the date for the Government's response as May 31,

2011, and the date for Petitioner's response as July 5, 2011 [Docket No. 889]. On

May 31, 2011, the Government filed its response to Petitioner's motion [Docket

No. 890]. On June 3, 2011, Petitioner filed a pro se Motion to Dismiss the

Government's Response and/or Extension of Time [Docket No. 891].

## III.    DICUSSION

### A. Petitioner's Motion Under 28 U.S.C. § 2255

#### 1.    Standard

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . .

claiming the right to be released upon the ground that the sentence was imposed

in violation of the Constitution . . . may move the court which imposed the

sentence to vacate, set aside or correct the sentence."

> The failure to raise an issue on direct appeal acts to bar a petitioner
> from raising that issue for the first time in a section 2255 motion, and
> this rule applies equally when the conviction was entered pursuant
> to a guilty plea. This procedural default may be excused only if the
> petitioner can show both (1) a cause that excuses the default, and (2)
> actual prejudice from the errors that are asserted.

Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997) (citations omitted).

Ineffective assistance of counsel may constitute cause and prejudice.  Boysiewick

v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999).  Claims of ineffective counsel are

normally raised for the first time in collateral proceedings under 28 U.S.C. § 2255.

United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999).

    Petitioner seeks the Court to vacate his sentence based on three grounds:

(1) that Petitioner's counsel's failure to move the Court for a special jury

instruction instructing the jury that money laundering was not the indicted

charge constituted ineffective assistance of counsel; (2) that Petitioner's counsel's

failure to present a buyer-seller relationship argument to the jury and failure to

move the Court for a buyer-seller instruction constituted ineffective assistance of

counsel; and (3) that Petitioner's counsel's failure to object to hearsay statements

constituted ineffective assistance of counsel because these statements violated

Petitioner's Fifth Amendment rights to due process of law and the Sixth

Amendment's Confrontation Clause.

    In order to prove ineffective assistance of counsel, a petitioner must

demonstrate: (1) counsel performed deficiently; and (2) that counsel's deficient

performance prejudiced the decision against him.  Strickland v. Washington, 466

U.S. 668, 687 (1984).  When examining the first prong of the <u>Strickland</u> test, a

court may consider counsel's performance deficient if it fell outside "the wide

range of reasonable professional assistance." <u>Id.</u> at 689.  However, it is strongly

presumed that counsel's performance falls within that "wide range of reasonable

professional assistance." <u>Id.</u>  In order to satisfy the second prong of <u>Strickland</u>, a

petitioner "must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been

different."  <u>Id.</u> at 694.  The analysis does not need to start with the first prong.

When the petitioner cannot show prejudice under the second prong, there is no

need to look to the reasonableness of counsel's behavior under the first prong. <u>Id.</u>

at 697.

### 2.      Failure to Move for Money Laundering Instruction

Petitioner argues that his counsel was ineffective because counsel failed to

move the Court for a special jury instruction which would have instructed the

jury that Petitioner's guilt of money laundering would not be legally sufficient to

establish Petitioner's guilt to the drug conspiracy charge.  (Pet'r's Mem. 6.)

Petitioner states that his counsel admitted Petitioner's guilt with regard to money

laundering, and argues that this confused the jury into convicting Petitioner

based on an unindicted charge.  Petitioner asserts that this claim is strengthened by the Government's closing argument, which suggested that Petitioner could be found guilty of the drug conspiracy charge if all he had done was launder money.  Petitioner asserts that this is an incorrect statement of law, and his counsel was ineffective by not requesting a special jury instruction informing the jury that Petitioner's guilt for money laundering was insufficient to establish his guilt with regard to the drug conspiracy charge.  Petitioner argues that without his counsel's deficient performance in terms of the failure to move the Court for such a jury instruction the outcome of the trial would have been different.

Petitioner's argument concerning his counsel's failure to move the Court for a special jury instruction in relation to money laundering fails under the test articulated in Strickland.  In regards to the first prong of Strickland, the Court notes that Petitioner's counsel did request a theory of the case instruction.  The instruction requested stated:

It was Galo Quintero's theory of the defense that he did not knowingly, intentionally or voluntarily come to agreement with anybody to possess or possess with intent to distribute cocaine or methamphetamine, which is the object of the conspiracy charged in the sole count of the indictment.  Rather, he was involved in an entirely different activity which did not involve the possession or the intent to distribute cocaine or methamphetamine.  Mr. Quintero asserts that the Government has charged him with the wrong

6

offense and that he is not guilty of the conspiracy as charged in the indictment.

(Trial Tr. 775.) Since the Court found no evidence to support the last two sentences, the Court modified those sentences to read: "He denies that he is guilty of the offense charged in the indictment. His plea of not guilty denies that the United States has proven its charge beyond a reasonable doubt." (<u>Id.</u> at 775-76.) Accordingly, the Court finds that Petitioner's counsel did propose a jury instruction to the Court which sought to instruct the jury that Petitioner's money laundering activities did not involve the possession or intent to distribute controlled substances. As mentioned above, the Court modified this proposed instruction, because the Court found no evidence to support the last two sentences of the instruction. Given these circumstances, the Court cannot find that the actions of Petitioner's counsel fell outside "the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. Thus, Petitioner's claim of ineffective assistance of counsel on this ground must fail.

Even assuming that counsel was deficient, Petitioner cannot meet the second prong of <u>Strickland</u> related to prejudice. The evidence that Petitioner was involved in this drug conspiracy was overwhelming. Several co-conspirators testified that they delivered hundreds of kilograms of cocaine to Petitioner and

further testified about Petitioner counting millions of dollars in drug proceeds

and giving this money to drivers who brought it to the west coast.  Thus, the

Court finds that the lack of a jury instruction articulating that Petitioner's money

laundering was insufficient to find Petitioner guilty of the drug conspiracy

charge was not prejudicial, because if the jury was so instructed there is not "a

reasonable probability that . . . the result of the proceeding would have been

different."  Strickland, 466 U.S. at 694.

> ### 3.   Failure to Present Buyer-Seller Relationship Argument and Failure to Move for Buyer-Seller Instruction

Petitioner further argues that his counsel was ineffective because counsel

did not present a buyer-seller relationship argument to the jury and did not

move the Court for a buyer-seller relationship jury instruction.  Petitioner asserts

that evidence admitted in the case showed that, at most, he was a customer of the

drug conspiracy in question, and thus was not a part of the conspiracy.

Petitioner argues that his counsel was deficient because "[a] competent Attorney

would have known a drug purchaser does not enter into a conspiracy with his

supplier simply because he's a wholesale customer and resells the drugs to his

own customer. . ."  (Pet'r's Mem. 10.)

Initially, the Court must address Petitioner's argument that an individual does not enter into a conspiracy when the individual buys controlled substances from a supplier as a wholesale customer and sells to his own customers. Contrary to Petitioner's assertion, in a situation where an individual buys controlled substances, in order to sell them to another person, that individual has entered into a conspiracy to distribute controlled substances.  See United States v. Romero, 150 F.3d 821, 826 (8th Cir. 1998) ("The evidence is sufficient to support a conspiracy where the drugs were purchased for resale.").

Applying the test from Strickland the Court finds that Petitioner's ineffective assistance of counsel claim based on counsel's failure to argue a buyer-seller relationship to the jury must fail.  Despite Petitioner's argument to the contrary, a buyer-seller relationship does not exist simply because an individual is a customer of a drug trafficking organization.  Rather, a buyer-seller relationship exists where there is "[e[vidence of a single transient sales agreement and small amount of drugs consistent with personal use." United States v. Vinton, 429 F.3d 811, 816 (8th Cir. 2005) (internal quotations and citation omitted).  As mentioned above, a number of witnesses testified that Petitioner received large shipments of cocaine and counted large amounts of cash which

were the proceeds of drug trafficking.  Given this evidence, it was not deficient

for Petitioner's counsel to decide not to present a buyer-seller relationship

argument to the jury.  Petitioner's counsel, facing evidence that Petitioner had

received hundreds of kilograms of cocaine, made a decision not to pursue this

line of defense.  Under these circumstances, counsel's decision not to present a

buyer-seller relationship argument to the jury did not fall outside "the wide

range of reasonable professional assistance," and thus Petitioner cannot meet the

first prong of Strickland.  Strickland, 466 U.S. at 689.

Furthermore, even assuming that counsel's decision was deficient,

Petitioner cannot show that he was prejudiced by the decision because the

evidence admitted in the case was such that even if counsel would have

presented this argument to the jury there is not "a reasonable probability that . . .

the result of the proceeding would have been different."  Strickland, 466 U.S. at

694.

Moreover, Petitioner's argument that his counsel was ineffective because

he failed to move the Court for a buyer-seller jury instruction must fail.  A buyer-

seller instruction is not warranted where there are multiple transactions as

opposed to a single, isolated sale.  United States v. Jefferson, 215 F.3d 820, 823

(8th Cir. 2000).  As stated above, the evidence in this case was that Petitioner

received multiple shipments of large amounts of cocaine.  Under these

circumstances, if Petitioner's counsel would have proposed a buyer-seller jury

instruction, it would have been rejected by this Court.  Thus, Petitioner cannot

show that he was prejudiced by his counsel's failure to move this Court for a

buyer-seller jury instruction, and his claim for ineffective assistance of counsel on

this ground fails.  <u>Dyer v. United States</u>, 22 F.3d 1424, 1426 (8th Cir. 1994)

(holding that counsel cannot be ineffective for failing to pursue a meritless

argument).

### 4.   Failure to Object to Hearsay Statements

Finally, Petitioner argues that his counsel was ineffective by failing to

object to hearsay statements made by Ramon Garcia.  Petitioner asserts that his

counsel failed to object to statements made by Garcia concerning "individuals

and other organizations alleged affiliation with Petitioner."  (Pet'r's Mem. 15.)

Petitioner contends that the admittance of these hearsay statements without

objection violated his Sixth Amendment rights under the Confrontation Clause.

"The Confrontation Clause bars 'admission of testimonial statements of a

witness who did not appear at trial unless he was unavailable to testify, and the

defendant had had a prior opportunity for cross-examination.'" <u>United States v.</u>

<u>Spencer</u>, 592 F.3d 866, 878 (8th Cir. 2010) (quoting <u>Crawford v. Washington</u>, 541

U.S. 36, 53-54 (2004)).  Petitioner cites to testimony by Garcia which Petitioner

contends are hearsay statements because Garcia was testifying about statements

made by another individual, Mario Tello.

Petitioner's ineffective assistance of counsel claim based on counsel's

failure to object to these statements must fail, however, because the statements

do not offend the Confrontation Clause.  Much of the Garcia's testimony is based

on his own personal knowledge of his role in the conspiracy.  This testimony is

not hearsay, and moreover is not violative of the Confrontation Clause because

Garcia was cross-examined at trial.

Furthermore, Garcia's testimony which mentions statements by Mario

Tello also does not violate the Confrontation Clause, because those statements

were statements made by a co-conspirator during the course and in furtherance

of the conspiracy, which makes them not hearsay pursuant to Fed. R. Evid.

801(d)(2)(e).  The Eighth Circuit has held that "co-conspirators' statements made

in furtherance of a conspiracy and admitted under Rule 801(d)(2)(e) are generally

non-testimonial and, therefore, do not violate the Confrontation Clause as

interpreted by the Supreme Court." United States v. Singh, 494 F.3d 653, 658 (8th

Cir. 2007).   Although Tello was not indicted as part of this conspiracy, Fed. R.

Evid. 801(d)(2)(e) applies to unindicted co-conspirators.  United States v.

McCarthy, 97 F.3d 1562, 1572-73 (8th Cir. 1996).  The statements by Tello, to

which Garcia testified, were made during and in furtherance of the conspiracy

and therefore were not hearsay and were non-testimonial.  Since these

statements are non-testimonial, their admittance did not violate Petitioner's

rights under the Confrontation Clause.  Thus, the Court finds that Petitioner's

counsel was not deficient in failing to object to the highlighted testimony of

Garcia, and Petitioner cannot meet the first prong of Strickland so his ineffective

assistance of counsel claim on this ground must fail.

### B.  Pro Se Motion to Dismiss the Government's Response and/or Extension of Time

On June 3, 2011, Petitioner filed a Motion to Dismiss the Government's

Response and/or Extension of Time [Docket No. 891].  By this motion Petitioner

argues that as of May 31, 2011, the Government had not yet filed a response to

Petitioner's motion.  Petitioner asserts that this is in violation of the Court's April

19, 2011 Order stating that the Government was to respond by May 23, 2011

[Docket No. 885].  Petitioner requests that the Court dismiss the Government's

response as untimely.  However, the Court amended the briefing schedule by its

Order dated May 25, 2011 [Docket No. 889].  That Order provided that the

Government had until May 31, 2011 to respond to Petitioner's motion, and

extended Petitioner's time to reply from June 27, 2011 to July 5, 2011.  The

Government timely filed its response to Petitioner's motion on May 31, 2011

[Docket No. 890].  Accordingly, because the Government filed its response in a

timely manner, and because the Court by its May 25, 2011 Order extended the

time for Petitioner's reply, the Court will deny as moot Petitioner's Motion to

Dismiss the Government's Response and/or Extension of Time.

### C. Certificate of Appealability

An applicant for a writ of habeas corpus may not take an appeal unless a

judge issues a certificate of appealability under 28 U.S.C. § 2253(c); *see also* Fed. R.

App. P. 22.  In order for a certificate of appealability to be issued, an applicant

must make a "substantial showing of the denial of a constitutional right." 28

U.S.C. 2253(c)(2).  "A substantial showing is a showing that issues are debatable

among reasonable jurists, a court could resolve the issues differently, or the

issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir.

1997).  Based on the files, records and proceedings herein, the Court finds no

basis upon which to grant Petitioner a certificate of appealability.

## IV.    CONCLUSION

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

1.    Quintero's Petition under 28 U.S.C. § 2255 to Vacate, Set
      Aside, or Correct a Sentence [Docket No. 883] is **DENIED**.

2.    Quintero's Motion to Dismiss the Government's Response
      and/or Extension of Time [Docket No. 891] is **DENIED**.

3.    The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 22, 2011                s/ Michael J. Davis
                                     Michael J. Davis
                                     Chief Judge
                                     United States District Court