# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.

        **MEMORANDUM OF LAW & ORDER**
        Criminal File No. 05-328 (MJD/AJB)

(23) GALO ERIC QUINTERO,

        Defendant-Petitioner.

Andrew R. Winter, Steven L. Schleicher, and James S. Alexander, Assistant United States Attorneys, Counsel for Plaintiff-Respondent.

Galo Eric Quintero, pro se.

## I.     INTRODUCTION

This matter is before the Court on Petitioner Galo Eric Quintero's pro se Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) [Docket No. 950], which seeks relief from the Court's denial of Petitioner's earlier Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 883].  Petitioner alleges that the Court violated his due

1

process rights by failing to consider all of the arguments raised in his § 2255 petition.

## II.     BACKGROUND

On February 20, 2009, a jury found Petitioner guilty of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Cocaine, in violation of  21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846, and 851.  [See Docket Nos. 566, 567, 700]  After his conviction, Petitioner moved for a new trial. [Docket Nos. 569, 570]  On June 29, 2009, the Court denied this motion and sentenced Petitioner to an imprisonment term of 300 months.  [Docket Nos. 696, 700]

On July 1, 2009, Petitioner filed a direct appeal of his conviction and sentence, arguing that the Court committed plain error in admitting evidence pertaining to firearms found in his brother's possession and evidence relating to his connection to a drive-by shooting; Petitioner also argued that the Court erred at sentencing by imposing a three-level enhancement for Petitioner's role in the offense.  [Docket Nos. 703, 865]    On June 24, 2010, the Eighth Circuit affirmed Petitioner's conviction and sentence.  See United States v. Quintero (sub nom.), 608 F.3d 1049, 1055-56 (8th Cir. 2010).

On April 18, 2011, Petitioner brought a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  [Docket No. 883]  Petitioner alleged ineffective assistance of counsel on three grounds.  The first of these grounds complained of counsel's handling of the jury instruction process: (1) for failing to request a special jury instruction that money laundering was not the indicted charge, and (2) failing to object to the Court's answer to a jury question.  The Court denied the § 2255 motion on July 22, 2011.  (Mem. Law & Order, Docket No. 893.)

In the Court's Order denying Petitioner's § 2255 motion, the Court addressed the three grounds of Petitioner's ineffective assistance of counsel claim.  Specifically concerning the first ground, the Court concluded that, contrary to Petitioner's claim, counsel did in fact request the money laundering instruction; this request, however, was denied to because the Court found the instruction to be unnecessary.  (Id. at 5-7.)  The Court did not expressly address the jury question issue in its Order.  (See id.)  After addressing the other two grounds, the Court concluded that Petitioner's ineffective assistance of counsel claim lacked merit, and the Court denied Petitioner's § 2255 motion.  (Id. at 13, 15.)

On March 17, 2014, this Rule 60(b)(4) motion followed.  [Docket No. 950] Petitioner requests that this Court re-open the § 2255 motion and vacate his conviction.

## III.    DISCUSSION

### A.    Standard for Rule 60(b) Motions

A Rule 60(b) motion should only be granted "upon an adequate showing of exceptional circumstances."  United States v. One Parcel of Prop. Located at Tracts 10 & 11 of Lakeview Heights, Canyon Lake, Comal Cnty., Tex., 51 F.3d 117, 120 (8th Cir. 1995).  Federal Rule of Civil Procedure 60(b)(4) allows a court to relieve a party from an order if, among other things, "the judgment is void." Fed. R. Civ. P. 60(b)(4).  "A judgment is void if the rendering court . . . acted in a manner inconsistent with due process."  United States v. Green, Criminal No. 06-50(3), 2014 WL 2574744, at *1 (D. Minn. June 9, 2014) (quoting Johnson v. Arden, 614 F.3d 785, 799 (8th Cir. 2010)).

In Gonzalez v. Crosby, the Supreme Court held that a Rule 60(b) motion following denial of a § 2255 petition could be either a second, successive habeas petition or a true Rule 60(b) motion that attacks the integrity of the original habeas proceedings.  Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005).  If a 60(b) motion "attacks the federal court's previous resolution of a claim on the merits,"

4

it may be considered a second or successive habeas petition.  <u>Gonzalez</u>, 545 U.S.

at 532.  A 60(b) motion is not a successive petition, however, if the motion

"attacks, not the substance of the federal court's resolution of a claim on the

merits, but some defect in the integrity of the federal habeas proceedings."  <u>Id.</u>

"[F]ederal prisoners may not file second or successive § 2255 motions

without an appropriate certification from the circuit court."  <u>Green</u>, 2014 WL

2574744, at *2 (quoting <u>Boykin v. United States</u>, 242 F.3d 373, at *1 (8th Cir. 2000)

(internal quotation marks omitted)).  Therefore, if a district court decides that a

60(b) motion is a second or successive habeas petition, the court may either

dismiss the motion for failure to obtain authorization from the Court of Appeals

or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of

Appeals.  <u>See</u> <u>Boyd v. United States</u>, 304 F.3d 813, 814 (8th Cir. 2002).  Where the

defendant attacks the integrity of the habeas proceeding, the Rule 60(b)(4)

motion may be reviewed by the district court.  <u>See</u> <u>Gonzalez</u>, 545 U.S. at 525.

## B.    Argument

### 1.    Jury Instruction Decision

Petitioner presents one main argument in his Rule 60(b)(4) motion: that the

Court procedurally erred by not considering the jury question argument in his §

2255 petition.  Initially, however, Petitioner expresses disagreement with the

Court's decision regarding the jury <u>instruction</u> issue (Petitioner argued that has

counsel was ineffective for failing to request a jury instruction that distinguished

the charges of money laundering and conspiracy to possess drugs).  While

Petitioner acknowledges that the Court did in fact address this claim, Petitioner

argues that the Court's conclusion on this point was clearly erroneous, for

various reasons.  Petitioner also remarks that "this [issue] is not the subject of

[his] Rule 60(b)(4) motion."

The Court need not address Petitioner's initial attempt to reargue an issue

already raised in his § 2255 motion and resolved in the Court's decision on that

motion.  This argument is an assertion of judicial error on the merits, disguised

within Petitioner's Rule 60(b) motion.  This argument is therefore a means of

lodging a second, successive habeas petition and—as it lacks authorization from

the Eighth Circuit—it must be dismissed.  See <u>Boyd</u>, 304 F.3d at 814.

## 2.    Definition of "Conspiracy" in Jury's Note

The main focus of Petitioner's motion is his assertion that the Court

procedurally erred by not addressing one of the issues raised in ground one of

Petitioner's § 2255 motion, counsel's failure to object to the Court's answer to a

jury question requesting a definition of "possession" used along with

"conspiracy."  Petitioner contends that his Rule 60(b)(4) motion is an attack on the habeas proceedings instead of the merits of the decision and should not be dismissed.  Petitioner mainly relies on <u>Peach v. United States</u>, 468 F.3d 1269, 1270 (10th Cir. 2006), in making this argument.  The Tenth Circuit in <u>Peach</u> held that a court's failure to consider a claim of ineffective counsel is procedural and therefore a true Rule 60(b) motion.  <u>Id.</u>

The Court concludes that Petitioner's argument does not give rise to the exceptional circumstances required to grant rule 60(b) relief.  The Court, in deciding Petitioner's § 2255 petition, considered all of the files and records pertaining to the motion.  Simply because the Court did not explicitly address every point raised by Petitioner's claim, does not mean the Court did not consider that point.  Petitioner has not conclusively shown that the Court did not consider all of his arguments.

Nevertheless, even if Petitioner's argument amounts to a procedural challenge and the Court assesses his Rule 60(b)(4) motion on the merits, his motion fails.  Petitioner's counsel's failure to object to the Court's answer to the jury question does not meet the test from <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  That test requires Petitioner to establish both that his counsel's

performance "fell below an objective standard of reasonableness," and that the

deficient performance prejudiced his defense.  <u>Id.</u> at 688, 692.  Petitioner cannot

fulfill either requirement.   The Court indeed provided the jury with definitions

of "conspiracy" and "possession" in the original jury instructions. (<u>See</u> Tr.,

Docket No. 773, at 789-91.)  The conspiracy instruction was given as follows:

> The crime of conspiracy as charged in the indictment has three
> essential elements. . . . [F]irst element, . . . two or more people
> reached an agreement or came to an understanding to knowingly
> possess cocaine or methamphetamine with intent to distribute it.
> Two, the Defendant voluntarily and intentionally joined in the
> agreement or understanding, either at the time it was first reached
> or at some other time while the agreement was still in effect.  And
> third, . . . at the time the Defendant joined the agreement or
> understanding, he knew the purpose of the agreement or the
> understanding.

(<u>Id.</u>)  The Court went on to provide further details about these elements.  (<u>Id.</u>)

The Court also provided the following explanation about the word

"possession": "The law recognizes several types of possession.  A person may

have actual possession or they may have constructive possession.  They may

have sole possession or joint possession.  A person who knowingly has direct

physical control over a thing at a given time is then in actual possession of it."

(<u>Id.</u> at 793-94.)  The Court went on to provide further details about the idea of

"possession."

These instructions were a correct statement of Eighth Circuit law.  See, e.g.,

Eighth Circuit Manual of Model Criminal Jury Instructions, § 6.21.846A (2013).

When the jury submitted a question to the Court, it asked about the definition of

"possession," which had already been extensively provided by the Court.  (Tr.,

Docket No. 773, at 804.)  The Court answered the question by stating, "You are

referred to the instructions which have been provided."  (Id.)  The Court asked if

the parties had any objections to this response, and neither party objected.  (Id.)

Counsel's failure to object here was not unreasonable, in light of the extensive

definitions of "conspiracy" and "possession" already present in the jury

instructions; counsel's decision not to object does not overcome the strong

presumption that his performance was reasonable.  See Strickland, 466 U.S. at

689.

Second, even if counsel's performance was constitutionally inadequate,

Petitioner has failed to establish a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

Id. at 694.  Even if counsel had objected to the Court's answer, the Court would

not necessarily have sustained the objection, especially considering (1) the great

discretion it has in addressing jury questions and (2) the legal accuracy of the

definitions already provided in the jury instructions.  Furthermore, that the

definitions of "conspiracy" and "possession" were already present in the

instructions, and that the Court referred the jury to the instructions to review

that definition, suggests that reiterating that definition as the result of counsel's

objection was not only unlikely, but would have made no substantive difference

in the jury's deliberations.  Because Petitioner has not shown a reasonable

probability that, but for counsel's failure to object, the result of the proceeding

would have been different,  there is no valid basis for Petitioner's ineffective

assistance of counsel claim.

Because Petitioner's motion does not rise to the level of exceptional

circumstances required for Rule 60(b) relief, and because it ultimately lacks merit

anyway, the motion fails.  Accordingly, the Court denies Petitioner's 60(b)

motion.

### C.      Certification of Appealability

With regard to the Court's procedural rulings, the Court concludes that no

"jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right;" nor would "jurists of reason . . . find

it debatable whether the district court was correct in its procedural ruling."  Slack

v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decisions on the

merits, it concludes that no "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Id.  Therefore, the

Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.   Petitioner Galo Eric Quintero's pro se Motion for Relief from
     Judgment Pursuant to Federal Rules of Civil Procedure Rule
     60(b)(4) [Docket No. 950] is **DENIED**.

2.   The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   August 12, 2014            s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court