UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

                                    **MEMORANDUM OF LAW & ORDER**
v.                                      Criminal File No. 05-00328(23) (MJD)

GALO ERIC QUINTERO,

       Defendant.

Erin M. Secord, Assistant United States Attorney, Counsel for Plaintiff.

Galo Eric Quintero, Defendant, pro se.

## I.     INTRODUCTION

This matter is before the Court on Defendant Galo Eric Quintero's Pro Se Letter Request to Limit his Quarterly Fine Payments. (Doc. 1027.) Probation and the Government have responded to the Motion. (Docs. 1029, 1031.)

## II.    RELEVANT BACKGROUND

On February 20, 2009, Defendant Galo Eric Quintero was found guilty of conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine. In a Judgment dated June 30, 2009, Judge Rosenbaum sentenced Quintero to 300 months in prison followed by 10 years supervised release and ordered him to pay a $3,000,000.00 fine. (Doc. 700 ("Judgment and

Commitment") at 2, 5.)  Judge Rosenbaum recommended that Quintero participate in the Inmate Financial Responsibility Program ("IFRP").  (Id. at 6.)  The Judgment stated: "Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR, or a minimum of 50 percent of monthly earnings if working UNICOR."  (Id.)  On November 22, 2010,  this case was reassigned to the undersigned.

At various times since 2009, Quintero has paid more or less than $25-a-quarter toward his fine obligation.  (Doc. 1029.)  So far, Quintero has paid a little over $3,000.00 toward his $3,000,000.00 fine obligation.  (Docs. 1029, 1031 at 2.)

On April 7, 2025, Quintero filed the instant motion to limit his quarterly fine payments.  (Doc. 1027.)  He is currently incarcerated at FCI Allenwood Low in Allenwood, Pennsylvania and has a projected release date in June 2027.  Find an inmate, https://www.bop.gov/inmateloc// (last accessed May 6, 2025).

### III. DISCUSSION

#### A. The Grounds for Quintero's Motion

Quintero seeks an order from the Court requiring him to pay only $25-per-quarter toward his Court-imposed fine.  Quintero asserts that the BOP is forcing him to pay $100-per-week toward the fine based on money his family sends to

2

him to buy necessities like toiletries, sneakers, and warm clothing. (Doc. 1027.) Quintero argues that by refusing to pay more, he is now on "refused status" and his spending is restricted to $25/month, which does not begin to cover the necessities he needs in prison. (Id.)

### B. 28 U.S.C. § 2241

To the extent that Quintero challenges the amount or timing of his IFRP payments, he is challenging the execution of his sentence under 28 U.S.C. § 2241. See Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002). Challenges under § 2241 must be brought in the District in which the petitioner is incarcerated. United States v. Chacon-Vega, 262 F. App'x 730, 731 (8th Cir. 2008). Quintero is currently incarcerated in FCI Allenwood Low, located in the Middle District of Pennsylvania. Thus, this Court does not have jurisdiction to decide his § 2241 motion. Id.; see also United States v. Townsend, No. Crim. 08-06 (MJD/AJB), 2015 WL 2352821, at *2 (D. Minn. May 15, 2015) (dismissing defendant's challenge to his IFRP as a petition under § 2241 that had to be brought in the district in which defendant was incarcerated); United States v. Smith, No. CR 5-282 (MJD/JJG), 2016 WL 2858788, at *2 (D. Minn. May 16, 2016) (same).

Additionally, it does not appear that Quintero has exhausted his administrative remedies with regard to the BOP's application of the IFRP. See,

e.g., United States v. Rumney, 86 F.3d 1147 (1st Cir. 1996) (unpublished table decision) ("To the extent that appellant is complaining about the Bureau of Prisons' authority to collect the fine, its method of collection, or his ability to pay it through the . . . IFRP, appellant must first exhaust administrative remedies before complaining to a court in the appropriate district.") (citations omitted). Quintero proffers no evidence that he attempted to pursue administrative remedies. Therefore, his motion must also be denied on this basis. See United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Galo Eric Quintero's Pro Se Letter Request to Limit his Quarterly Fine Payments **[Doc. 1027]** is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 7, 2025                                s/Michael J. Davis
                                                                Michael J. Davis
                                                                United States District Court